GEORGE H. KUHN, Administrator, *vs.* HANNAH R. WEBSTER
& others.

A brother and sister, all whose real estate was owned in common, by their wills dated the same day devised and bequeathed to each other " all my share of real estate situate in said Boston, and such and so much of my personal estate as consists of bank stock, United States stock, or outstanding notes and mortgages, in trust, for the payment " of legacies and annuities; "and the remainder of the said estate to herself [himself], to use, manage and control, receive and expend the income and profits thereof, fully and completely, according to her [his] will and pleasure; and for this ample and beneficial end to sell, exchange, alter or otherwise dispose of the said estate real and personal before specified, at any time and at all times she [he] may see fit, and for any and all purposes she [he] may choose, and if necessary to cause partition to be made of said real estate, or otherwise by joint conveyance to accomplish any sale thereof;" and directed that the devisee should be exempt from giving bond "for the discharge of all and singular the trusts before men tioned, and without being accountable in any way or manner to any person or persons whomsoever, for any thing or matter belonging to or concerning the premises, other than paying the legacies and annuities aforesaid;" and that upon the decease of the devisee "whatever should be left of the estate" should go to the testators' nieces, and to their children then living, "to be equally divided among them, share and share alike, each child to have a part equal with the mother, and upon the death of any child occurring, the

mother and remaining children to succeed to the portion of the deceased child, if unmarried and within age, and upon the decease of all the children within age and unmarried, then the mother of such deceased children to succeed to the estate of all such, and upon the death of any mother childless as aforesaid, the sisters of such mother and their children are to succeed to the portions and estate of the deceased, so that the children of each of my said nieces shall in all cases share alike with their respective mothers, and upon the decease of all my nieces and their respective children within age and unmarried, their proportions will then go to their legal representatives entitled to the same." The brother survived the sister, and died leaving three nieces, two of whom had issue, one two children, and the other a child born after the date of the will. *Held*, that the brother took an estate for life with a power to dispose of said property absolutely, remainder in equal shares to his nieces and their children, each taking one sixth part; that he not having executed the power, the gift over took effect and vested in possession upon his death in the nieces and their children, the real estate in fee and the personal property absolutely, subject nevertheless to the conditions subsequent specified; that if the sister had survived her brother she would have taken a similar estate under his will, but that in consequence of her death the gift over took effect to the nieces and their children in like manner as under her will, upon the death of her brother; that the provisions of the two wills applied to real estate owned by the testators at their date, to the personal property described owned by them at their deaths, and to stock or securities in which the sister's property had been invested by her brother, and actually subsisted in his hands at the time of his death; that the shares of a niece who had a child of age and married, and of such child, were indefeasible and unconditional; and that the shares of those nieces and children, which were defeasible and conditional, were immediately payable to them without requiring security from them.

BILL IN EQUITY by the administrator with the wills annexed of Joseph Rowe and Mary Rowe, both dated July 19th 1845, to obtain the instructions of the court respecting the distribution of their estates. The case was heard upon the bill and answers, and was as follows :

Joseph Rowe's will, after certain legacies and annuities to his nieces and others, provided as follows : " I give, devise and bequeath to my said sister, Mary Rowe, all my share of real estate situate in said Boston, and such and so much of my personal estate as consists of bank stock, United States stock, or outstanding notes and mortgages, in trust, for the payment of the foregoing legacies and annuities ; and the remainder of the said estate above specified, to herself, to use, manage and control, receive and expend the income and profits thereof, fully and completely, according to her will and pleasure ; and for this ample and beneficial end to sell, exchange, alter or otherwise dispose of the said estate real and personal before specified, at any time and at all times she may see fit, and for any and all

purposes she may choose, and, if necessary, to cause partition to be made of said real estate above designated, which I hold in common with my said sister, or in common with her and my said nieces, or otherwise by joint conveyance to accomplish any sale thereof. And I request and direct that no bond or obligation is to be taken or required of my said sister for the discharge of all and singular the trusts before mentioned, but that she may be exempt therefrom, and without being accountable in any way and manner to any person or persons whomsoever for any thing or matter belonging to or concerning the premises, other than paying the legacies and annuities aforesaid. And upon the decease of my said sister, my will is that whatever should be left of the estate above mentioned and specified belonging to me shall go to my said nieces before named, and to their children living at the decease of my said sister, to be equally divided among them, share and share alike, each child to have a part equal with the mother, and upon the death of any child occurring, the mother and remaining children to succeed to the portion of the deceased child, if unmarried and within age, and upon the decease of all the children within age and unmarried, then the mother of such deceased children to succeed to the estate of all such, and upon the death of any mother childless, as aforesaid, the sisters of such mother and their children are to succeed to the portions and estate of the deceased, so that the children of each of my said nieces shall in all cases share alike with their respective mothers, and upon the decease of all my nieces and their respective children within age and unmarried, their proportions will then go to their legal representatives entitled to the same."

Mary Rowe in her will made provisions in favor of Joseph and their nieces, precisely like the above, substituting the words "brother" for "sister," "Joseph" for "Mary," and "his" for "her" wherever they occurred. And each made the other residuary legatee and devisee.

Neither Mary nor Joseph Rowe was ever married; they lived together during the whole of their joint lives; and all their real estate was owned in common. either with each other only, or

with their nieces also. Mary's real estate in Boston, bank stock, United States stock and outstanding notes and mortgages were appraised in the inventory of her estate at $54,690, and her whole property at $63,443 ; and Joseph's similar property, in the inventory of his estate, at $59,666, and his whole property at $107,813. The investments of the kinds specified were considerably changed and increased between the making of the will and the death of each. Joseph never sold Mary's share of the real estate. All the legacies and annuities have been paid.

Mary Rowe died on the 4th of January 1852, and Joseph on the 23d of March 1856, leaving, as his sole heirs and next of kin, three nieces, Hannah R. Webster, a widow sixty one years old ; Penelope R. White, fifty two years old, wife of Morris E. White ; and Anne R. Payson, forty nine years old, wife of George A. Payson. The only children of these nieces were Joseph R. Webster, who was of age and married, and Mary R. Webster, under age, children of Hannah R. Webster, born before the date of the wills ; and Anne R. Payson, Jr., daughter of Anne R. Payson, born in 1848. Penelope R. White never had any children.

*S. E. Sewall,* for Penelope R. White. Mary Rowe's will gave Joseph Rowe an estate in fee in the land, and an absolute interest in the personal property mentioned, in trust for the payment of legacies and annuities ; but, subject to that trust, the whole land in fee and the personal property absolutely for his own benefit. This is the effect of charging it with the payment of legacies and annuities, there being no words limiting the estate to him for life. 2 Jarman on Wills, (3d Amer. ed.) 171, 172. *Parker* v. *Parker,* 5 Met. 134. It also follows from the gift of the remainder, after paying legacies and annuities " to himself, to use, manage and control, receive and expend the income and profits thereof fully and completely, according to his will and pleasure," and " to sell, alter or otherwise dispose of the said estate, real and personal," " for any and all purposes he may choose." 2 Jarman on Wills, 180. Co. Lit. 9 *b.* Vin. Ab., Devise, L, pl. 7 ; W a, pl. 2, 3. *Whiskun & Cleyton's case,* 1 Leon. 156. *Jennor & Hardie's case,* 1 Leon. 283

*Goodtitle* v. *Otway*, 2 Wils. 6.   *Bradly* v. *Westcott*, 13 Ves. 453.
*Hales* v. *Margerum*, 3 Ves. 299.   *Downes* v. *Timperon*, 4 Russ.
334.   1 Ves. Jr. (Amer. ed.) 272, note 3.   1 Sugd. Pow. (6th ed.)
119.   Chance on Powers, §§ 114–120.   The words " share of es-
tate " pass a fee in the land.   2 Jarman on Wills, 181, 182, 192,
193, & cases cited.   *Paris* v. *Miller*, 5 M. & S. 408.   *Godfrey* v.
*Humphrey*, 18 Pick. 537.   *Kellogg* v. *Blair*, 6 Met. 322.   *Tracy*
v. *Kilborn*, 3 Cush. 557.   The unlimited gift of the " income
and profits " is sufficient of itself to pass the personal property
absolutely.   *Clough* v. *Wynne*, 2 Madd. 188.   *Page* v. *Leaping-*
*well*, 18 Ves. 463.   *Stretch* v. *Watkins*, 1 Madd. 253.   *Philipps*
v. *Chamberlaine*, 4 Ves. 51, & Amer. note.   *Collier* v. *Collier*, 3
Ohio State R. 369.   Ward on Leg. 241, 242.   The directions
that he should be exempted from giving bond for the perform-
ance of his trusts, " and without being accountable in any way
or manner to any person or persons whomsoever for any thing
or matter belonging to or concerning the premises, other than
paying the annuities and legacies aforesaid ; " and that on his
death, " whatever should be left of the estate " should go to the
nieces and their children ; show an intention to give him the
absolute beneficial interest in the property.   And the Rev. Sts.
*c.* 62, § 4, declare that a devise shall convey all the testator's
estate in the land unless it clearly appears that he intended to
give a less estate.

The gift over to the nieces is void, as inconsistent with the
absolute estate given to Joseph Rowe.   1 Jarman on Wills,
793.   *Attorney General* v. *Hall*, Fitzg. 314.   *Bull* v. *Kingston*,
1 Meriv. 314.   *Ide* v. *Ide*, 5 Mass. 500.   *Burbank* v. *Whitney*,
24 Pick. 155.   *Harris* v. *Knapp*, 21 Pick. 412.   *Ramsdell* v.
*Ramsdell*, 21 Maine, 288.   *Pickering* v. *Langdon*, 22 Maine, 413.
*Jackson* v. *Bull*, 10 Johns. 19.   *Jackson* v. *Delancy*, 13 Johns.
537.   *Jackson* v. *Robins*, 15 Johns. 169, and 16 Johns. 537.   On
his death the property vested, in equal shares, in his three nieces,
as his heirs and next of kin, subject to the legacies and annui-
ties, which have all been paid.

Joseph Rowe's will, being in similar words, must be construed
in the same manner; and as a fee in the land and an absolute

estate in the personal property given to Mary Rowe are incon-
sistent with the subsequent limitation in favor of the nieces and
their children, the three nieces must take the property as his
heirs and next of kin, the bequest to his sister having lapsed by
her death.   The case of *Burbank* v. *Whitney*, 24 Pick. 146,
which may appear to conflict with this view, was decided
according to what was supposed to be the testator's intention,
that certain charitable institutions should have his property.
But here the testator did not wish the nieces and children to
take at all events, but gave his sister power to meet any require-
ments of changes in the family, and gave them only what she
might not choose to dispose of.   The cases on this subject do
not turn merely on the absolute power of disposition given to
the first legatee, but on the uncertainty of the gift intended by
the limitation over.   *Wynne* v. *Hawkins*, 1 Bro. C. C. 179.
*Sprange* v. *Barnard*, 2 Bro. C. C. 585.   *Bull* v. *Kingston*, 1
Meriv. 314.   *Eade* v. *Eade*, 5 Madd. 118.

If however the limitation over in Joseph's will, to the nieces
and their children, took effect, in consequence of Mary's dying
before him, the property which passed under it was only the
share of real estate in Boston, which he had at the date of the
will, and did not include what he acquired under his sister's
will at her death.   And the gift of personal property is a spe-
cific legacy, evidently based on the condition of the testator's
property at the time of making the will.   1 Roper on Leg.
(3d ed.) 179.   *Hayes* v. *Hayes*, 1 Keen, 97.   *Cockran* v. *Cockran*,
14 Sim. 248.   *Miller* v. *Little*, 2 Beav. 259.   The case may be
referred to a master to ascertain how much of the stock, notes
and mortgages held by him at that date belonged to him at the
date of the will.   If any stock owned at the date of the will
was sold, or any mortgage debt paid off, the legacy, being spe-
cific, to that extent was adeemed.   1 Roper on Leg. 287–300.
*Richards* v. *Humphreys*, 15 Pick. 135.   *Ballard* v. *Carter*, 5 Pick.
112.   *Pattison* v. *Pattison*, 1 Myl. & K. 12.   *Gardner* v. *Hatton*, 6
Sim. 93.   *Hayes* v. *Hayes*, 1 Keen, 97.   *A fortiori*, the language
of Joseph's bequest does not extend to personal property of
Mary Rowe still standing in the name of her estate and

attachable as a part thereof.  2 Williams on Executors, (4th Amer. ed.) 1175 *& seq.*    *Churchill* v. *Bank of England,* 11 M. & W. 323.   Nor could he, in making his sister principal legatee, have in view property which might come to him on her death.

The effect of Joseph's will was to divide the real and personal property intended to be given by it into three shares, corresponding with the number of nieces, but the third part of each niece having a child or children living at the death of Mary Rowe, to be equally divided between her and her children.   This is the most natural division.   To make the nieces and their children all share equally in the first instance, would give Mrs. White only one sixth, Mrs. Payson and her child one third, and Mrs. Webster and her two children one half, or three times as much as Mrs. White ; if the children had all died under age and unmarried, the still more unjust result would have followed of giving Mrs. White one sixth, Mrs. Payson one third, and Mrs. Webster one half ; and if more children had been born and died under age and unmarried, the disproportion might have been much greater.   The will provides that " each child is to have a part equal with the mother," not equal with the nieces, or equal with a niece ; and that " the children of each of my said nieces shall in all cases share alike with their respective mothers," not with all the nieces, not with all the mothers, but each child equally with its own mother, showing that one mother may have more than another, in consequence of having fewer children to share with her.   On the death of any child under age and unmarried, the share is to be divided between the child's mother and her remaining children ; a fair provision if the child had a share of the mother's third, but most unequal if all the children take equal shares with the nieces ; for, to maintain such a plan of division, all the surviving nieces and all the children ought to take together when any one of the children or nieces dies.   *Rowland* v. *Gorsuch,* 2 Cox Ch. 187.   *Collier* v. *Collier,* 3 Rich. Eq. 555.

Mrs. White's interest is a fee simple in the real estate, and an absolute interest in the personal estate, liable in no contingency to be reduced to a life estate.   It is only the estates of the chil-

dren who die under age and unmarried, and of the mothers who die childless in consequence of their children having all so died, that are reduced to life interests by the executory bequests over. But Mrs. White is not a mother, and cannot die childless within the meaning of the will; that is, by having a child born before Mary Rowe's death, and that child dying before her. Joseph R. Webster having become of age, his mother cannot die child-.ess within the meaning of the will; and the provision that " upon the decease of all my nieces and their respective children within age and unmarried, their proportions will then go to their legal representatives entitled to the same," becomes inoperative, because Joseph R. Webster being of age, the contingency can never arrive. If the contingency could take place, it would be equally nugatory, for it merely declares that property will descend to collateral heirs according to law; which would only show a fee in the nieces; and the collateral heirs would not take by purchase, but by descent. *Whitney* v. *Whitney*, 14 Mass. 88. *Whittell* v. *Dudin*, 2 Jac. & Walk. 279. Ward on Leg. 246.

*P. W. Chandler, & C. C. Langdell* (of New York), for Joseph R. Webster and Mary R. Webster. The will of Mary Rowe gave Joseph an estate for life only, and the subsequent devise to the nieces and their children takes effect as a strict remainder in respect to the real estate and a *quasi* remainder in respect to the personal estate. The devise to Joseph contains no words of limitation. None of the trusts on which the property was given to him were to continue beyond his life. The beneficial devise to him, subject to the trusts, was only of the use, income and profits during his life, and gave him no right to the capital. Lord Coke in *Blamford* v. *Blamford*, 3 Bulstr. 101. Co. Lit. 4 *b. Paramour* v. *Yardley*, Plow. 541 *b. Parker* v. *Plummer*, Cro. Eliz. 190. *Savery* v. *Dyer*, Ambl. 139. *Blewitt* v. *Roberts*, Cr. & Phil. 280. *Heron* v. *Stokes*, 2 Dru. & War. 89, and 12 Cl. & Fin. 161. This is not like an absolute gift of property, real or personal, in trust to pay the income and profits to some other person. Nor are the words " income and profits " used as representing the capital from which they are to be derived, as in cases of gifts of dividends of stocks in the English funds, which

are held to pass an absolute interest, upon the ground that such stocks consist merely of perpetual annuities. *Rawlings* v. *Jennings*, 13 Ves. 39. *Stretch* v. *Watkins*, 1 Madd. 253. *Page* v. *Leapingwell*, 18 Ves. 463. *Haig* v. *Swiney*, 1 Sim. & Stu. 487. *Wilson* v. *Maddison*, 2 Y. & Col. Ch. 372.

The powers subsequently conferred upon Joseph Rowe do not in any respect increase his interest. The words " and for this ample and beneficial end," clearly show that the sole object of the testatrix was to give full effect to the preceding provisions ; and the powers themselves are simply of sale, exchange and partition, in respect to the real estate, and of changing, altering or varying the securities, in respect to the personal estate ; such as are constantly conferred upon tenants for life and trustees in all wills and settlements ; and the words " at any time and at all times he may see fit, and for any and all purposes he may choose," were inserted to show that the powers conferred were to be absolute and unconditional. 2 Sugd. Pow. 480, 497. Chance on Powers, § 2417. Hill on Trustees, (3d Amer. ed.) 471, 482. *Hill* v. *Hill*, 6 Sim. 136. *Sampayo* v. *Gould*, 12 Sim. 426. All the powers conferred are special and limited, and not general ; and all point to a conveyance *inter vivos* for a valuable consideration. A power to dispose by will or by gift *inter vivos* is not included. The words " or otherwise dispose " immediately follow the words " sell, exchange, alter," and are to be construed as *ejusdem generis*. *Doe* v. *Glover*, 1 C. B. 459, 460. The power to make partition of real estate, which the testatrix owned in common with her brother alone, would be absurd if he were to become sole owner of the estate in question upon her death. The words " all and singular the trusts before mentioned," in the clause directing that no bond or obligation should be required of her brother, show that the trust for the payment of legacies and annuities was not the only one intended to be created ; and indicate that he is to exercise others for those entitled in remainder.

The words "and without being accountable in any way or manner to any person or persons whomsoever for any thing or matter belonging to or concerning the premises, other than

paying the legacies and annuities aforesaid," only exempt him from giving security to those interested as legatees, annuitants or in remainder, and protect him from interference in management of the property do not enlarge his estate or exempt him from liability for his own wilful acts. 1 Story on Eq. §§ 603, 604. *Foley* v. *Burnell*, 1 Bro. C. C. 279. *Homer* v. *Shelton*, 2 Met. 206. *Bradly* v. *Westcott*, 13 Ves. 445. Hill on Trustees, 495. 2 Story on Eq. § 915. *Abraham* v. *Bubb*, Freem. Ch. 54. *Bernard's case*, Pre. Ch. 454. The words "whatever should be left of the estate above mentioned and specified, belonging to me," obviously refer to the remainder of this property of the testatrix, after paying legacies and annuities. 1 Jarman on Wills, 322. *Surman* v. *Surman*, 5 Madd. 123.

If Joseph Rowe had an absolute and unlimited right to dispose of the property in question for his own use and benefit, it was by virtue of a power, and not an interest. *Wells* v. *Doane*, 3 Gray, 201. *In re Maxwell's Will*, 24 Beav. 246. 1 Sugden on Powers, 119 & cases cited, 124. Co. Lit. 271 *b*, & Butler's note. *Anon.* 3 Leon. 71. *Bradly* v. *Westcott*, 13 Ves. 453. *Nowlan* v. *Walsh*, 4 De Gex & Sm. 584. *Reid* v. *Shergold*, 10 Ves. 370. *Irwin* v. *Farrer*, 19 Ves. 86. *Tomlinson* v. *Dighton*, 1 P. W. 171. *Jackson* v. *Robins*, 16 Johns. 537. *Caleb* v. *Field*, 9 Dana, 346. *Rubey* v. *Barnett*, 12 Missouri, 3. *Pulliam* v. *Byrd*, 2 Strob. Eq. 134. *Smith* v. *Hilliard*, 3 Strob. Eq. 214. *Burwell* v. *Anderson*, 3 Leigh, 355, 356. *Ward* v. *Amory*, 1 Curt. C. C. 419. *Denson* v. *Mitchell*, 26 Alab. 360. A power, however absolute and beneficial, will not be assets for creditors, unless executed. *Holmes* v. *Coghill*, 7 Ves. 499, and 12 Ves. 206. *Tallmadge* v. *Sill*, 21 Barb. 34. *Johnson* v. *Cushing*, 15 N. H. 298. 4 Kent Com. (6th ed.) 339. Chance on Powers, *c.* 15, sect. 2.

Assuming that Joseph Rowe had an absolute power to dispose of the property during his life, one of two things must certainly happen ; either he must dispose of the property in his lifetime, or upon his death it must by the terms of the will go to the nieces and their children ; so that in no possible event can it descend to his heirs, and it cannot therefore be an estate of

inheritance. The only way of avoiding this conclusion is by striking out of the will the gift over to the nieces and their children. But the court will not adopt such a construction, when a construction may be adopted which is rational and legal, and which will give full effect to every part of the will. 1 Sugd. Pow 127. *In re Maxwell's Will,* 24 Beav. 246. *Lassence* v. *Tierney,* 1 Macn. & Gord. 551. *Cowper* v. *Cowper,* 2 P. W 739. *Smith* v. *Bell,* 6 Pet. 68. *Barton* v. *Bigelow,* 4 Gray, 357. *Williamson* v. *Daniel,* 12 Wheat. 568. *Nightingale* v. *Burrell,* 15 Pick. 112. *Hall* v. *Priest,* 6 Gray, 21. 2 Jarman on Wills, 237.

As Joseph Rowe then took, at most, only an estate for life, with an absolute power of disposition for his own use, that power, unless exercised, would have no effect upon the gift over to the nieces and their children, which would still be a strict remainder, expectant upon an estate for life, but liable to be defeated by the exercise of the power. *Smith* v. *Bell,* 6 Pet. 68. 1 Jarman on Wills, 321.

The devise to the nieces and their children, in the will of Joseph Rowe, is valid, for the reasons already given in reference to the corresponding clause of Mary Rowe's will; and even it would have been void, in case Mary had survived Joseph, yet, as she died in his lifetime, it was thereby rendered valid. *Burbank* v. *Whitney,* 24 Pick. 146. *Mackinnon* v. *Peach,* 2 Keen, 555. Under Joseph's will the nieces and their children are entitled to all the real estate in Boston, and other property therein specified, of which the testator was seised or possessed at the time of his death ; and therefore, assuming the gift to them in the will of Mary Rowe to be void, yet they are entitled to the property therein specified, under the will of Joseph, including all alterations and additions. *Dean & Chapter of Christ Church* v. *Barlow,* Ambl. 641. *Gayre* v. *Gayre,* 2 Vern. 538. *All Souls' College* v. *Coddrington,* 1 P. W. 597. *Masters* v. *Masters,* 1 P. W. 424. *Wind* v. *Jekyl,* 1 P. W. 576. *Sayer* v. *Sayer,* Pre. Ch. 392 ; 2 Vern. 688 ; Gilb. Eq. 87. Rev. Sts. *c.* 62, § 3. *Foote, appellant,* 22 Pick. 299. This was not a specific legacy, in this point of view. 1 Jarman on Wills, 287

The property specified is to be divided equally among the nieces and their children *per capita*, and not *per stirpes*. When property is devised to several persons, as joint tenants or tenants in common, they will be held to take equally, *per capita*, unless the will clearly manifests a contrary intention. It is not sufficient that the devisees are designated by classes; nor that they stand in such a relation to the testator and to each other, as to render a different intention probable; nor that the will shows an intention that all the devisees shall not take equally, unless it clearly points out in what other mode they shall take. *Blackler* v. *Webb*, 2 P. W. 383. *Eccard* v. *Brooke*, 2 Cox Ch. 213. *Lincoln* v. *Pelham*, 10 Ves. 166. *Heron* v. *Stokes*, 2 Dru. & War. 89; 1 Con. & Laws. 270; 4 Irish Eq. 284; 12 Cl. & Fin. 161. *Dowding* v. *Smith*, 3 Beav. 541. *Lenden* v. *Blackmore*, 10 Sim. 626. *Weston* v. *Foster*, 7 Met. 297. *Cheeves* v. *Bell*, 1 Jones Eq. 234. *Collins* v. *Hoxie*, 9 Paige, 89. *Bunner* v. *Storm*, 1 Sandf. Ch. 357. *Barksdale* v. *Macbeth*, 7 Rich. Eq. 125. *Stokes* v. *Tilly*, 1 Stockton, 130. *Walters* v. *Crutcher*, 15 B. Mon. 2. *Kean* v. *Roe*, 2 Harring. (Del.) 103. This construction is put beyond doubt by the words " to be equally divided among them, share and share alike," in which " them " must refer to both nieces and children as individuals, and not to classes; or, if to classes, then to the nieces as constituting one class, and the children as constituting another. The words " each child to have a part" were inserted to express more clearly that the distribution was to be *per capita*, and to guard against any supposed analogy to the statute of distributions.

The shares of Mrs. White and Mrs. Payson depend upon the contingency of their having children to attain the age of twenty one years or marriage. By the words " upon the death of any mother childless," the testators intended to provide for the deaths of the nieces whenever they might happen, and not for deaths happening during the lives of the testators.

The personal property specified consists not of chattels, the possession and enjoyment of which are inseparable, but of money and bank stock, which can only be enjoyed by receiving the interest and dividends. The shares of Mrs. White and Mrs.

Payson, while they remain contingent, must therefore be retained by the administrator, and the income only paid to them. *Saunderson* v. *Stearns*, 6 Mass. 37. *Ellis* v. *Essex Merrimack Bridge*, 2 Pick. 248. *Hall* v. *Cushing*, 9 Pick. 395. *Dorr* v. *Wainwright*, 13 Pick. 330, 331. *Homer* v. *Shelton*, 2 Met. 206. *Fiske* v. *Cobb*, 6 Gray, 144. *Claggett* v. *Hardy*, 3 N. H 147. *Kinnard* v. *Kinnard*, 5 Watts, 108. *Eichelberger* v. *Barnetz*, 17 S. & R. 293.

The share of Mrs. Webster is absolute and indefeasible ; her son having attained the age of twenty one years, so that she can never die " childless as aforesaid."

*E. Washburn*, for Anne R. Payson, Jr., besides some of the above authorities, cited, to the point that Joseph Rowe took only a life estate under his sister's will, Fearne Cont. Rem. (7th ed,) 401–404, 417 ; 1 Jarman on Wills, 665 ; *Stevenson* v. *Winship*, 1 Pick. 318; *Fay* v. *Sylvester*, 2 Gray, 171; *Larned* v. *Bridge*, 17 Pick. 339 ; *Merrill* v. *Emery*, 10 Pick. 511 ; *Moffat* v. *Strong*, 10 Johns. 12 ; *Jackson* v. *Housel*, 17 Johns. 232 ; *Gillespie* v. *Miller*, 5 Johns. Ch. 21 ; *Upwell* v. *Halsey*, 1 P. W. 651 ; Hargr. Law Tracts, 495 ; to the point that the devise to Mary Rowe having lapsed, Joseph's devise to the nieces and children took effect as if no devise to Mary had been made, *Prescott* v. *Prescott*, 7 Met. 145 ; to the point that the shares of the nieces and their children were for life, with valid executory devises over 1 Jarman on Wills, 659, 662 ; Tudor's Leading Cases on Rea Property, 645, & cases cited ; *Ballard* v. *Ballard*, 18 Pick. 41 *Doe* v. *Prigg*, 8 B. & C. 231 ; and to the point that no part of the legacies was adeemed in the testator's lifetime, *White* v. *Winchester*, 6 Pick. 56 ; *Briggs* v. *Hosford*, 22 Pick. 289 ; *Jones* v. *Mitchell*, 1 Sim. & Stu. 290 ; *Attorney General* v. *Parkin*, Ambl. 566 ; *Bradford* v. *Haynes*, 20 Maine, 105 ; *Van Kleeck* v. *Dutch Church of New York*, 20 Wend. 474 ; *Walker's estate*, 3 Rawle, 237 ; *Warner* v. *Swearingen*, 6 Dana, 195 ; 1 Roper on Leg. 216, 243, 248 ; 2 Williams on Executors, 996, 1233.

In August 1859 the following decision was made

· BY THE COURT. The court are of opinion that, under the will of Mary Rowe, Joseph Rowe took an estate for life, in trust

to pay the legacies and annuities, with a power to dispose of the property ; but this power was not executed, and the gift over took effect after the death of Joseph Rowe.

This gift took effect according to its terms, to the three nieces and the child of Mrs. Payson and the two children of Mrs. Webster, six persons, taking one sixth part each.

The property to which the above bequest extends was the real estate in Boston owned by Mary Rowe, the testatrix, at the date of the will, and the bank stock, the United States stock, and outstanding notes and mortgages which she had at the time of her decease, and the stock or securities, if any, in which this property had been invested by Joseph and actually subsisted in his hands at the time of his decease.

By force of Joseph Rowe's will, the real estate in Boston, which he owned when he made the will, and the bank stock, United States stock, and outstanding notes and mortgages owned by him at the time of his decease, had his sister Mary survived him, would have been a life estate in her, with power to dispose of it absolutely, and a remainder to the nieces and their children ; but as Mary died in the lifetime of Joseph, the gift to her failed, and the gift over to the nieces and their children in six equal shares took effect immediately on the death of Joseph, in the same manner as if no intermediate particular estate had been created.

We are also of opinion that, as between the nieces and their children, the provision that in case all the children of either niece should die without having arrived at the age of twenty one years or been married, then their share should go to the other nieces, constituted gifts defeasible in case either should die without children or without having been married ; so that the estate of each is contingent until the event happens ; and this rule extends to any niece who shall not have had any child.

Mrs. Webster having had a son who has arrived at the age of twenty one years and been married, her right and his cease to be contingent, and she and her son take estates absolute and subject to no contingency.   Mrs. Payson's share is contingent, subject to be defeated in case she should die before her daughter

comes of age or is married.    The shares of the minor daughters
of Mrs. Webster and Mrs. Payson are contingent and defeasi
ble in the event of their dying within age or unmarried.    Mrs.
White's share is contingent, liable to be devested and go to her
sisters in case she should die childless.

But Mrs. White and Mrs. Payson, who are entitled to shares
contingent and liable to be defeated, in case of their dying with-
out children, in favor of the gift over to the other nieces, are to
have their shares respectively without security being required,
subject however to the contingencies expressed in the will ; and
the shares of Miss Webster and Miss Payson are likewise to be
paid to them immediately through their duly constituted guar-
dians; and upon the death of the last of the nieces the property
will then go to legal representatives according to the terms of
the will.                                    *Decree accordingly.*